NOT FOR PUBLICATION

# FILED

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLEN BARNES, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> and <br><br> IRON WORKERS LOCAL 580 JOINT FUNDS; IRVING LICHTMAN, on behalf of the Irving Lichtman Revocable Living Trust, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> EDISON INTERNATIONAL; et al., <br><br> Defendants-Appellees. | No.   21-55589 <br><br> D.C. No. <br> 2:18-cv-09690-CBM-FFM <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Argued and Submitted March 8, 2022
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: IKUTA, LEE, and FORREST, Circuit Judges.

Irving Lichtman and Iron Workers Local 580 Joint Funds (collectively "Appellants") appeal the district court's dismissal of their claims against Appellees Edison International (Edison) under section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b); *see also* Rule 10b-5, 17 C.F.R. § 240.10b-5, and section 11 of the Securities Act, 15 U.S.C. § 77k(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in dismissing Appellants' claims under section 10(b) of the Exchange Act because Appellants failed to plead particularized facts showing false or misleading statements or omissions. *See* 15 U.S.C. § 78u–4(b); Fed. R. Civ. P. 9(b). The challenged statements regarding Edison's safety and reliability, were not false or misleading because they were not literally false, *see Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1070 (9th Cir. 2008), and were not capable of objective verification, *see Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018). Rather, they constituted mere corporate puffery. *See In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 708 (9th Cir. 2021). Nor were the challenged statements misleading by omission due to Edison's failure to disclose publicly available information regarding its safety practices and prior safety violations. There is no "rule of completeness for

2

securities disclosures" requiring the disclosure of all such publicly available information, *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1061 (9th Cir. 2014), and the challenged omissions here did not "affirmatively create an impression of a state of affairs that differs in a material way from the one that actually exists." *Id.* (internal quotation marks omitted). For the same reasons, Edison's statements regarding the Long Beach fire, Edison's "'Risk' Disclosures," Edison's interactions with the California Public Utilities Commission (CPUC), and Edison's role in the Thomas Fire, are not actionable.

The district court also did not err in dismissing Appellants' claims under section 11 of the Securities Act. The face of the complaint establishes that those claims are barred by the one-year statute of limitations. *See* 15 U.S.C. § 77m. The complaint alleged that the purportedly concealed risks of Edison's safety practices materialized on December 5, 2017, when the market understood that Edison caused the Thomas Fire. A "reasonably diligent" plaintiff could therefore have discovered the facts constituting the alleged Securities Act violation on December 5, 2017, *see Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 653 (2010), and the statute of limitations began to run on that date. But Plaintiffs did not file their Securities Act claims until April 29, 2019, well over one year after the statute of limitations began to run. Accordingly, Appellants' Securities Act claims are time-barred. Even if

the statute of limitations had not run, Appellants' Securities Act claim would fail for the same reason their Exchange Act claim fails, namely, a failure to plead particularized facts showing false or misleading statements or omissions. Appellants' argument that their Securities Act claim is subject to less stringent pleading requirements than their Exchange Act claim fails because Securities Act claims are based on the same purportedly false or misleading statements, in the same filings, as the Exchange Act claim. Appellants' Securities Act claim therefore "sounds in fraud" and is subject to Rule 9(b)'s heightened pleading standard. *See Rubke v. Capitol Bancorp Ltd*, 551 F.3d 1156, 1161 (9th Cir. 2009).

**AFFIRMED.**